The Koppers Coal Company v. Commissioner.
Koppers Coal Co. v. Commissioner
Docket No. 108492.
United States Tax Court
1947 Tax Ct. Memo LEXIS 146; 6 T.C.M. (CCH) 819; July 9, 1947
*146 LEECH
Memorandum and Order LEECH, Judge: This proceeding came on to be heard May 8, 1947 under Rule 50, for redetermination of the deficiencies for 1936 and 1937 under the opinion of this Court promulgated May 29, 1946. Both parties have filed computations which differ in only one respect, this being the cost basis to petitioner of the coal in place for purposes of computing the allowance for depletion for the years in question. Both parties have filed briefs in support of their contentions. The question is answered by the determination of the cost to petitioner's predecessor of the coal in place at the time of its acquisition as a part of an aggregate of assets acquired from six West Virginia coal companies. The problem is the allocation of the total cost of $7,655,000 as between the several classes of assets depreciable, depletable, and non-depreciable. This allocation is properly to be made upon the basis of the comparative values of each class of assets at the time of acquisition. Both parties have used the same general basis in their computations. They have treated the assets as if acquired by petitioner's predecessor on January 1, 1926. They have agreed that on *147 that date the comparative values of the several classes of property show that of the total cost of $7,655,000, there will be allocable $5,068,161.35 to coal and $2,586,838.65 to assets other than coal. They then adjust this basis for the year 1927 by deductions for depletion and depreciation for 1926 and additions representing capital expenditures during that year. The amount deducted for depletion in the computation by petitioner is the amount allowed and allowable for that year to the six West Virginia companies who owned and operated the properties during that year. Respondent's computation reduces the assigned cost of coal by the amount of depletion which would have been allowable to petitioner's predecessor had it owned and operated the properties in 1926, the sum being $401,643.52. The basic error with both computations appears to be the assumption that the properties were acquired by petitioner's predecessor on January 1, 1926. The opinion of this Court held that the properties were acquired through a series of related transactions beginning with the acquisition of the stock of the six West Virginia companies on January 1, 1926 and culminating in the acquisition of the physical *148 properties by petitioner's predecessor on January 1, 1927. None of the cost basis to that company was exhausted during 1926. During that year its expenditure was represented by the stock of the six companies, and this total cost carried forward as its cost of the assets acquired by it on January 1, 1927. It is the comparative value of the assets on this later date, not on January 1, 1926, that is to be used as the basis of the allocation of this total cost. Counsel appear to have been able to agree upon the values of the respective assets as of January 1, 1926, including the coal in place. The question is to what extent that value has been lessened as a result of the operations of that year, i.e., the physical depletion of the coal reserve. The amount of depletion allowed or allowable to the preceding owner, based upon its cost of the coal in place, does not answer the question. Neither does the amount of depletion which would have been allowable to petitioner's predecessor had it owned the properties in 1926 fix the amount by which the 1926 value is to be reduced. Petitioner cites section 113 (b) of the Code to show that the adjusted basis is cost less depletion to the extent *149 allowed but not less than that allowable. That section has no application here. We have no basis to adjust. We are not concerned with the prior owner's basis. We have merely certain values to determine as of January 1, 1927, for purposes of allocation of the cost of the assets to petitioner's predecessor who on that date had a cost basis of $7,655,000 for all of the assets, which basis will not be subject to adjustment until the close of that year. It is, accordingly, ORDERED: That the parties recompute the deficiencies upon a cost basis determined by ascertainment of the comparative values of the assets as of January 1, 1927, and the allocation of the total cost of $7,655,000 in such proportions. Upon this being done, decision will be entered under Rule 50.